10  137
96  383

EATON, *plaintiff in error, vs.* COLE.

A report of referees under a rule from the *C. C. Pleas*, was held not to be void, merely on account of its bearing *no date ;* — and on writ of error, brought to reverse a judgment founded thereon, in the absence of all evidence to the contrary, it was presumed to have been made at the term, when it was accepted, and judgment rendered thereon.

An account filed in set-off, by a defendant, pursuant to the provisions of *stat. of* 1821, *ch.* 59, *sec.* 19, becomes a part of the action, and would be included in a submission of such action to a referee.

Where an action was brought by an administrator, — an account filed in set-off by the defendant, — and both submitted to a referee, who reported that the defendant recover a certain sum as *debt or damage,* and costs, against the *plaintiff,* instead of, against *the goods and estate of the intestate,* and judgment was rendered by the *C. C. Pleas* on such report against the *latter,* it was held to be *no error.*

THIS was a writ of error, brought to reverse a judgment of the *C. C. Pleas* against the present plaintiff, rendered on the report of a referee. The writ in the original action was sued out by the present plaintiff, in his capacity of administrator of the goods and estate of *Humphrey W. Eaton.* The defendant, *Cole,* filed his account against said intestate, in set-off, and *the action* was then referred. The referee reported in favour of the defendant, " that he recover of the said *Tristram Eaton,* admin-" istrator on the estate of *Humphrey W. Eaton,* seventy-five " cents *debt or damage,* and costs of reference," &c. The judgment of the *C. C. Pleas* on the report, was, " that said *Daniel* " *Cole* recover against *the goods and estate* of the said *Humphrey* " *W. Eaton,* in the hands and under the administration of the " said *Tristram Eaton,* the aforesaid sum of seventy-five cents " debt or damage, and costs of suit taxed at," &c.

The errors assigned were, 1, that the report of the referee had *no date,* and was therefore void ; — and 2, that the judgment was not in pursuance of the report, being rendered against the goods and estate of the intestate, when the report was against the *administrator.*

*Elden,* for the plaintiff in error, to show that the report was void on account of the deficiency of a date, cited *Southworth*

Eaton *v.* Cole.

*v. Bradford,* 5 *Mass.* 524; *Noyes v. Bradford,* 1 *Pick.* 269; *Wheeler v. Van Houton,* 12 *Johns. R.* 311; *Bacon, plff. in error, v. Ward,* 10 *Mass.* 141; *Skillings, plff. in error, v. Coolidge & al.* 14 *Mass.* 43.

In support of the position that the judgment should have been *according* to the report — or the report set aside, as unauthorised and illegal, he cited *Haskell v. Whitney,* 12 *Mass.* 50; *Nelson v. Andrews,* 2 *Mass.* 166; *Commonwealth v. Pejepscot Proprietors,* 7 *Mass.* 399; *Hardy v. Call,* 16 *Mass.* 530; *Hart v. Fitzgerald,* 2 *Mass.* 509; *Brooks & al. v. Stevens,* 2 *Pick.* 68; *Haines v. Guise, Yelverton,* 107; 2 *Strange's R.* 126; *Sturgess v. Read,* 2 *Greenl.* 109.

It was further argued that the latter point was not weakened by the case of *Atkins & al. v. Sawyer,* 1 *Pick.* 251. In that, it is true, judgment was entered up erroneously against the administrator, and the Court permitted an amendment; — but there the error was a mere misprision of the clerk, and by the amendment the record was made conformable to the truth of the case, while in this, the judgment is not only reversible as it stands, but would also be reversible *if amended* and made to conform to the report of the referee.

*Goodwin,* for the defendant in error, argued that the report of the referee was well enough though without a date. At common law no date to an award or report of referees is necessary, the day of the delivery being considered the date thereof. *Kyd on Awards,* 134.

No date is made necessary by the rule — nor is any required by the statute. No date is absolutely necessary even to a report of referees, made in pursuance of a submission entered into before a justice of the peace. *Bacon v. Ward,* 10 *Mass.* 141.

The judgment rendered on the report of the referee was in conformity to the statute. See *Maine Stat.* ch. 52, *sec.* 19, 22; *Atkins & al. v. Sawyer,* 1 *Pick.* 353.

It was also strictly legal, by rejecting as surplusage that part of the report which was *void,* being unauthorised by the submission, *viz.* the finding against *Tristram Eaton,* and his own

proper goods. *Skillings v. Coolidge & al.* 14 *Mass.* 43 ; *Gordan v. Tucker,* 6 *Greenl.* 247 ; *Commonwealth v. The Pejepscot Proprietors,* 7 *Mass.* 240 ; *Lincoln v. Hapgood,* 11 *Mass.* 358 ; *Bacon v. Callender,* 6 *Mass.* 304 ; *Porter v. Rummery,* 10 *Mass.* 64.

The residue of the report substantially determines the action submitted to the referee. *Maine Stat. ch.* 59, *sec.* 16 ; *Skillings v. Coolidge & al.* and *Gordan v. Tucker,* before cited, and *Buckfield v. Gorham,* 6 *Mass.* 445.

But a judgment will not be reversed on account of an error which is in favour of the party who assigns it for error. *Whiting v. Cochran,* 9 *Mass.* 532 ; *Shirley v. Lunenburg,* 11 *Mass.* 379 ; *Lyman v. Arms & al.* 5 *Pick.* 213 ; *Saunders' Rep.* 46, *note* 6.

The opinion of the Court was delivered at the ensuing *June* term in *Lincoln,* by

MELLEN C. J. — This writ of error is brought to reverse a judgment of the Court of Common Pleas rendered on the report of a referee, to whom the *action* had been referred. As the account of the defendant against the intestate had been duly filed, it became a part of the action and was thus included in the submission. In such case, *each* party becomes a *claimant* against the *other.* Each assumes the character of *plaintiff* and each the character of *defendant.* The decision of the referee proves that the estate of the intestate was indebted to *Cole,* at the time of the submission, in the sum of seventy-five cents ; and for this reason, the referee reported costs in favour of *Cole.* The language of the report is not precisely technical and proper as it stands, against " the said *Tristram Eaton,* administrator " on the estate of *Humphrey W. Eaton* ;" instead of, " against " the goods and estate of the said *Humphrey W. Eaton,* in the " hands and under the administration of the said *Tristram Eaton,*" as it should have been expressed. This informality in the language of the report, is corrected by the Court in their rendition of judgment ; and the judgment is as it always should be, in the case of a recovery of *damages* and *costs* in an action against an executor or administrator, and as it always is render-

ed in such cases. The present action exhibits very different features from those in *Hardy v. Call,* cited in the argument; and the principles of that decision do not apply to such a state of mutual claims embraced in one submission. Though the report bears no date, it is not void on that account; and, in the absence of all evidence to the contrary, we must presume that it was duly made at the term of the Court when it was accepted and the judgment thereon rendered. On examination of the record before us, we do not perceive any error. Accordingly, the judgment is affirmed, with costs for the defendant.